**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACKSON HEWITT INC., *Plaintiff*, v. ACTIVE PERSONAL TAXES, INC., an Illinois Corporation, AHMED ZAIDI and SADAF ZAIDI, *Defendants*. | Civil Action No. 22-cv-02354 **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter stems from franchise agreements between Plaintiff and Defendants. Plaintiff Jackson Hewitt Inc. ("JHI") brought this action against Active Personal Taxes, Inc. ("APTI") Ahmed Zaidi, and Sadaf Zaidi (collectively, "Defendants") alleging breach of contract and breach of guaranty. Presently before the Court is Defendants' motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer the case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a). D.E. 17.[1] The Court reviewed all submissions[2] and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendants' motion is **DENIED**.

---

[1] The Court notes that substantially identical issues were raised by Defendants' counsel and decided by this Court in another matter brought by Plaintiff against different defendants. *See Jackson Hewitt Inc. v. New Age Taxes, Inc. et al.*, No. 22-cv-2352 (D.N.J. Nov. 17, 2022).

[2] The submissions consist of Defendants' motion, D.E. 17 ("Br."); and Plaintiff's opposition, D.E. 21 ("Opp.").

1

**I.     BACKGROUND AND PROCEDURAL HISTORY**[3]

Plaintiff alleges that Defendants are liable for breach of contract and breach of guaranty in connection with franchise agreements (the "Franchise Agreements") between the parties. D.E. 1 ("Compl."). JHI and APTI were the parties to the Franchise Agreements, while the individual Defendants are guarantors of "APTI's obligations to Jackson Hewitt." *Id.* ¶¶ 3-4. Each individual Defendant "agreed to perform APTI's obligations under the Franchise Agreement[s]." *Id.* ¶ 11. The Franchise Agreements "authorized APTI to operate Jackson Hewitt income tax preparation businesses in Illinois." *Id.* ¶ 8. The Franchise Agreements included a right for JHI to inspect as well as audit the books and records of APTI and further provided that if Defendants failed to comply with their obligations under the agreements, Defendants would bear the costs of the audit. *Id.* ¶¶ 28-30, 37. The Franchise Agreements also required Defendants to reimburse JHI for fees that JHI determines should be returned to customers and provided for liquidated damages if the Franchise Agreements were terminated due to Defendants' default. *Id.* ¶ 39-40.

"In early 2020, Jackson Hewitt received notice of credible allegations of potential wrongdoing on the part of Defendants in the operation of the Franchised Business." *Id.* ¶ 31. JHI alleges that it "exercised its contractual right under the Franchise Agreements to inspect and audit the books and records of APTI," and that the audit substantiated the allegations of wrongdoing. *Id.* ¶¶ 32-34. JHI then terminated the Franchise Agreements, effective July 16, 2020. *Id.* ¶ 34. JHI also alleges that it incurred costs in connection with the inspection and audit as well as costs associated with customer reimbursements, and that it is owed liquidated damages; the costs remain unpaid and are accruing interest. *Id.* ¶¶ 43-46, 51.

---

[3] The factual background is taken from Plaintiff's Complaint ("Compl."), D.E. 1; and the franchise agreements ("Franchise Agreements"), D.E. 1-1, 1-2, 1-3.

II.     ANALYSIS[4]

Federal Civil Rule of Procedure 12(b)(3) permits a court to dismiss a matter that is filed in an improper venue. Fed. R. Civ. P. 12(b)(3). A district court has broad discretion in determining whether to dismiss or transfer a case due to improper venue. *See Konica Minolta, Inc. v. ICR Co.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015). But "'[d]ismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought[ ] is . . . preferred[.]'" *Id.* (quoting *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998)). The "defendant[s] . . . bear the burden of showing improper venue[.]" *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982).

Venue is governed exclusively by the relevant federal laws. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013). 28 U.S.C. § 1391(b) provides that a civil action may be brought in

---

[4] While not raised by the parties, the Court also notes a pleading shortcoming as to subject matter jurisdiction. The Complaint alleges that the Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. To establish jurisdiction under § 1332, "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). For purposes of diversity jurisdiction, "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"—what is commonly referred to as the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A corporation's "nerve center" is typically its corporate headquarters. *Id.* at 81.

Plaintiff is a Virginia corporation and Defendant APTI is an Illinois corporation. The Declaration of Shara Abrams, D.E. 21-1 ("Abrams Decl.") indicates that JHI's principal place of business is in New Jersey. However, Plaintiff has not alleged the principal place of business of APTI. *Carolina Cas. Ins. Co. v. Ins. Co. of N. Am.*, 595 F.2d 128, 130 n.1 (3d Cir. 1979) ("[P]laintiffs have failed to state in their complaint the principal place of business of defendant Refrigerated. Thus the jurisdictional allegations in the pleadings are inadequate to establish jurisdiction under 28 U.S.C. § 1332(c)[.]"). Plaintiff is directed to address this deficiency through an amended pleading or other supplemental filing within thirty days of the entry of this Opinion and Order.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). If a case falls into at least one of the Section 1391(b) categories, venue is proper. *Atl. Marine Constr. Co.*, 571 U.S. at 55.

The parties largely focus on Section 1391(b)(2), which, as noted, provides that a case may be brought in a district where "a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2). To make this determination, courts look at the nature of the dispute and "'the location of those events or omissions giving rise to the claim.'" *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012) (quoting *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994)). "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Cottman Transmission Sys., Inc.*, 36 F.3d at 294. In addition, with respect to breach of contract claims, courts "may take into account where the contract was negotiated, executed, performed, and breached." *Weichert Real Est. Affiliates, Inc. v. CKM16, Inc.*, No. 17-4824, 2018 WL 652331, at *4 (D.N.J. Jan. 31, 2018) (quoting *Stalwart Cap., LLC v. Warren St. Partners, LLC*, No. 11-5249, 2012 WL 1533637, at *4 (D.N.J. Apr. 30, 2012)). The statute, however, "does not require a majority of events to take place" in a chosen venue. *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 376 (D.N.J. 2000). Consequently, multiple fora may be appropriate venues. "[T]here can be more than one place in which a 'substantial part' of the acts or omissions occurred" and a court is "not required

4

to determine the 'best' forum." *See Ferratex, Inc. v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 438–39 (D.N.J. 2015).

Defendants contend that New Jersey is an improper venue because the relevant events and conduct occurred in Illinois—indeed, they argue that not a single fact giving rise to the claims here occurred in New Jersey. *See* Br. at 5-6.[5] *Id.* JHI counters that a substantial part of the events in this matter occurred in New Jersey and provides evidence in support. *See* Opp. at 4-5; Abrams Decl. For example, JHI rendered services under the Franchise Agreements from New Jersey, including training and support, Abrams Decl. ¶ 9; Defendants called and emailed JHI in New Jersey regarding performance under the Franchise Agreements, *id.* ¶ 12; and JHI directed and conducted a substantial part of the audit from New Jersey, *id.* ¶ 15. In addition, JHI executed the Franchise Agreements and related documents in New Jersey and performed its obligations under the Franchise Agreements in this state. *Id.* ¶¶ 8, 10-11. With this evidence, and no specific evidence presented by Defendant, the Court cannot conclude that the conduct in New Jersey is insubstantial or tangential to Plaintiff's claims. Accordingly, Defendants have not sustained their burden of demonstrating that New Jersey is an improper venue under 28 U.S.C. § 1391(b)(2).[6] Defendants' motion to dismiss pursuant to Rule 12(b)(3) is denied.

---

[5] Defendants also appear to argue that New Jersey is an improper forum because Illinois law applies in this matter through a rider to the Franchise Agreements. Br. at 4. Although a plaintiff's choice of venue may impact a choice of law analysis, the inverse is not true. Rather, whether venue is improper is governed solely by federal law, notwithstanding any private contractual agreements. *See Atl. Marine Constr. Co.*, 571 U.S. at 55; *see also Sanders v. Polaris Indus., Inc.*, No. 20-1257, 2021 WL 7448731, at *2 (W.D. Tex. July 6, 2021) ("[C]hoice of law is [] not relevant to determining whether venue is proper.").

[6] Because venue is proper under Section 1391(b)(2), the Court does not address subsections (1) or (3). *See Atl. Marine Constr. Co.*, 571 U.S. at 55 (explaining that if a case falls into at least one of the Section 1391(b) categories, venue is proper).

Defendants argue, in the alternative, that the matter should be transferred to the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a). Br. at 2. Section 1406(a) applies only if the initial, challenged venue is improper. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Because New Jersey is an appropriate venue, as explained above, the Court cannot transfer the case under Section 1406(a). *See Weichert Real Est. Affiliates, Inc.*, 2018 WL 652331, at *3 (explaining that if venue is proper under Section 1391(b) "then Defendants' motion under Section 1406 must be denied").

### III. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 6th day of December 2022,

**ORDERED** that Defendants' motion to dismiss or transfer, D.E. 17, is **DENIED**; and it is further

**ORDERED** that Plaintiff must, within thirty (30) days of the entry of this Opinion and Order, amend the Complaint or submit a supplemental filing addressing the Court's concerns as to subject matter jurisdiction as stated in note 4 of the Opinion. If Plaintiff does not establish subject matter jurisdiction, the Court will dismiss this matter.

John Michael Vazquez, U.S.D.J